UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LORENZO FOSSELMAN, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>J. CAROPRESO, J. CELAYA, C. BARROGA, AND V. SOLIS,<br><br>    Defendants.<br>_____ / | No. C 09-0055 PJH (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO STAY DISCOVERY AND FOR SUMMARY JUDGMENT, GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL, AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that defendant Caropreso used excessive force against him, partly in retaliation for writing grievances and for filing a federal lawsuit against him, and that the other defendants placed him in administrative segregation in retaliation for the grievances and lawsuit. Defendants have filed a motion for summary judgment and have moved to stay discovery pending resolution of their qualified immunity claim. Plaintiff has moved to compel discovery, for appointment of counsel, and to deny the motion for summary judgment or defer ruling upon it pending completion of discovery.

**DISCUSSION**

**I.     Discovery**

    **A.     Defendants' Motion to Stay Discovery**

Qualified immunity is one of the grounds for defendants' motion for summary judgment. They have moved to stay discovery pending resolution of that issue. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (prisoner First Amendment retaliation case; district courts "should resolve [the immunity] question before permitting discovery" by assuming truth of plaintiff's factual allegations).

A district court has broad discretion to stay discovery pending the disposition of a dispositive motion. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). Here, plaintiff alleged that defendant Caropreso used excessive force against him without provocation, that Caropreso acted in retaliation for plaintiff's having filed a lawsuit against him and having complained about him in grievances, and that the other defendants caused him to be placed in administrative segregation in retaliation for his lawsuits and grievances. Assuming the truth of these allegations, as the Court instructed in *Crawford-El*, it seems extremely doubtful that reasonable persons in defendants' positions could have believed that such conduct was lawful. *See Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009) (court considering qualified immunity must determine whether (1) plaintiff has alleged deprivation of constitutional right and (2) whether the right was clearly established such that it would be clear to a reasonable officer that his or her conduct was unlawful in the situation he or she confronted); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (establishing that standard for prisoner excessive force claims against guards is whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm); *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (recognizing prisoner claim of retaliation for exercise of First Amendment rights).

In addition, in the complaint plaintiff demands not only damages but a declaratory judgment. Pet. at 11. Qualified immunity does not apply to declaratory judgment claims, *see Walker v. Gomez*, 370 F.3d 969, 978 (9th Cir. 2004), so even if defendants were to prevail on their claim of qualified immunity, that would not dispose of the entire case. *See Panola*, 762 F.2d at 1560 (motions to stay discovery not favored where resolution of the dispositive motion may not dispose of entire case).

Because defendants' qualified immunity ground is so weak, and would not dispose of the entire case, the motion will be denied.

**B.    Plaintiff's Motion to Compel**

Plaintiff has moved to compel discovery on the grounds that a number of defendants' responses to his discovery are improper or inadequate. Defendants have not

2

filed a formal opposition, but in their motion to stay discovery they say that their discovery responses were proper and timely.

### 1. Requests for Admissions

The rule governing requests for admissions requires that such requests be answered or objected to. Fed. R.Civ.P. 36(a)(3). If an objection is made, the reasons for the objection must be stated. *Id.* at (a)(5). If the party answering cannot admit or deny, the answer must "state in detail" why not. *Id.* at (a)(4). The answering party may not give lack of information or knowledge as a reason for failing to admit or deny unless the party states that he or she has made reasonable inquiry and that information known or readily obtainable is insufficient to allow him or her to admit or deny. *Id.* When asked to determine the sufficiency of answers or objections, as here, the court will order an answer if it determines that an objection is not justified, and if an answer does not comply with the rules, the court may order "either that the matter is admitted or that an amended answer be served." *See id.* at (a)(6).

In the first of plaintiff's requests for admissions directed to defendant Caropreso, he asked Caropreso to admit or deny that "prior to the incident between you & plaintiff on 1-31-08, plaintiff had previously written you up, for an illegal cell search & harassment, when you worked as the regular floor officer in building 8 on C-Facility." Decl. Fosselman, Ex. 1-A at 1. Caropreso's response was:

> Defendant objects to this request as irrelevant, vague, and ambiguous as to the terms "written you up." Defendant also objects to this request as vague and unduly burdensome given the number of inmate appeals that Plaintiff filed while at Salinas Valley State Prison. Without waiving the foregoing objections, defendant admits that in Plaintiff's four years at Salinas Valley State Prison, Plaintiff filed fifty inmate appeals. Except as specifically admitted, Defendant denies each allegation set forth in this request.

*Id.*, Ex. B at 2.

In his "meet and confer" letter, plaintiff amended this request to: "Admit prior to the incident between you and Plaintiff on 1-31-08, Plaintiff had filed an administrative appeal/grievance against you dated: Nov 5th, 2006, for an illegal cell search & harassment which occurred on 10/22/06, when you were the regular floor officer in building 8 on C-

facility." Decl. Fosselman, Ex. G. In their response to this letter, defendants refused to "amend their responses." Mot. for Stay of Discovery, ex. A.

Plaintiff's amendment to his request for admissions meets defendants' objections. Plaintiff's motion to compel will be granted as to the amended request.

Plaintiff's second request for an admission from Caropreso was that he admit or deny that "on December 3rd 2007 you were served by the U.S. Marshals with summons & Civil Rights complaint initiated by plaintiff, that named you as a defendant." Decl. Fosselman, Ex. 1-A at 1. His response was:

> Defendant objects to this request as irrelevant, vague, and ambiguous as to which complaint Plaintiff is referring to, and when Defendant was served by the 'U.S. Marshal with a summons and a Civil Rights complaint initiated by Plaintiff.' Without waiving the foregoing objections, Defendant admits that Plaintiff filed a civil rights complaint against Defendant and fifteen other Defendant on May 16, 2007. (U.S.D.C. N.D. Cal., Case No. CV 07-2606.) Defendant also admits that he was served with this complaint before the January 31, 2008 incident. Except as specifically admitted, Defendant denies each allegation set forth in this request.

*Id.,* Ex. B at 2.

Plaintiff contends that "[t]his objection is frivolous and the Defendants response is defective, Pl[aintifff] is requesting clarification on the exact date the defendant was served with summons & complaint, and this response is inadequate for that purpose." Mot. to Compel at 5. He is incorrect; because Caropreso denied everything in the request that was not specially admitted, and specifically admitted only that he was served before the incident, this answer is a denial that he was served on December 3, 2007. The motion to compel will be denied as to this point.

In request for admission number three, plaintiff asked Caropreso to "[a]dmit that on January 31, 2008, Plaintiff was the only prisoner in the laundry line that you pulled out of line & questioned." Decl. Fosselman, Ex. 1-A at 1. His response was:

> Defendant objects to this request as vague and ambiguous as to the terms "pulled out of the line." Without waiving the foregoing objections, Defendant admits that on January 31, 2008, Defendant exited the program office and saw several inmates standing in front of the laundry room. Defendant also admits he had been advised that day that inmates in the Education program were going to be exchanging laundry during their afternoon break. Defendant also admits that he approached plaintiff and

4

> called Plaintiff's name. Plaintiff turned around and responded, "Are you talking to me?" Defendant further admits that he asked Plaintiff what he was doing on the patio because he knew that Plaintiff was not in the Education program and he had not seen him in the laundry-line on behalf of another inmate before. Plaintiff answered Defendant by saying, "Why are you harassing me? I am authorised to be on the patio; my floor staff gave me approval to be here." Except as specifically admitted, Defendant denies each allegation set forth in this request.

*Id.,* Ex. B at 3.

In his motion to compel, plaintiff contends that this response "is also defective based on the defendant is intentionally avoiding the question, the request specifically asks was Plaintiff the "Only" prisoner pulled out of line & questioned, nothing in Caropreso's response addresses that[,] hence[] the response should be admitted in its entirety." Mot. to Compel at 6.

The objection here has merit, in that one possible meaning of the phrase "pulled out of line" might be laying hands on plaintiff and physically pulling him from the line. That ambiguity is objectionable. On the other hand, Caropreso's answer subject to objection, which describes what Caropreso contends he actually did, does not address plaintiff's main point, whether he was the only one of the inmates who was treated thus. Caropreso will be ordered to state whether he admits that plaintiff was the only inmate who he treated as he describes in his existing answer.

### 2. Interrogatories

Plaintiff also contends that some of Caropreso's interrogatory responses were inadequate. Although in his motion to compel he cites the answers as being exhibit B-1 to his declaration in support of the motion, the interrogatory responses are not there, and although he refers to the content of the responses in the motion to compel itself, that motion is not signed under penalty of perjury and thus cannot be treated as providing the missing facts. This part of the motion to compel will be denied.

Plaintiff also contends that some of defendant Celaya's answers to his interrogatories were insufficient. Unlike the case with Caropreso's responses to interrogatories, he has provided a copy of Celaya's answers, so these contentions can be

5

reviewed. Decl. Fosselman, Ex. C.

In conducting this review, the following general propositions will be applied: The federal rules allow liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). The party resisting discovery has the burden of establishing lack of relevance or undue burden. *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). The resisting party must demonstrate that the documents are not relevant under the broad scope of relevance provided by Rule 26(b)(1) of the Federal Rules of Civil Procedure, or that the documents are "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure... ." *Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D. N.Y. 1987). A recitation that the discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Oleson*, 175 F.R.D. at 565. The party resisting discovery must instead "'show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Josephs*, 677 F.2d at 992 (quoting *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)).

Interrogatory number two to Celaya was: "Describe in detail the SVSP policy and procedure concerning investigation into staff misconduct allegations made by staff members." Decl. Fosselman, Ex. A-2. Celaya's answer was:

> Defendant objects to this request as vague, overly broad and not relevant to any claim or defense in this case. Defendant further objects to the interrogatory to the extent the response requested may contain information regarding inmates or staff that is protected from disclosure by the Official Information Privilege. Disclosure of these responses may violate the privacy rights of the inmates and officers named in these reports, destroy the confidential nature of these proceedings, and jeopardize the safety and security of inmates, staff, and the institution.
> Without waiving the foregoing objections, Defendant responds as follows:
> [the response ends with the above sentence]

*Id.*, Ex. C at 2.

Plaintiff's request for the procedure for handling staff members' complaints of misconduct by their colleagues does not appear to be relevant or reasonably calculated to

6

lead to discovery of admissible evidence, and plaintiff does not explain in the motion to compel how it could be. *See* Fed. R.Civ.P. 26(b)(1). It may well be that the wording was an error by plaintiff and that he intended to say "by inmates," but that is not what he did say, and defendants cannot very well be expected to answer what he may have meant as opposed to what he actually asked. The motion to compel will be denied as to this interrogatory.

Interrogatory number six to Celaya was: "Describe in detail the job description of a prisoner in the Inmate Assistant Workers Program (IAWP). ¶ A.) List all the duties of an inmate in IAWP." Decl. Fosselman, Ex. A-2 (Celaya) at 2. Celaya's answer was:

> Defendant objects to this request as not relevant, vague, and ambiguous as to the job description of a prisoner in the Inmate Assistant Workers Program. Defendant also objects to this request as unduly burdensome because Plaintiff was in the Inmate Assistant Workers Program and he has personal knowledge and should know what his duties were. Without waiving the foregoing objections, Defendant admits that IAWP inmates have been assigned to exchange laundry for disable[d] inmates. IAWP inmates also have a large number of other assignments which have nothing to do with the case.

*Id.*, Ex. C at 4.

Celaya's objection that the information requested was within plaintiff's knowledge is, of course, improper. *See St. Paul Reinsurance Co. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (citing *City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983), and *Associated Wholesale Grocers, Inc. v. United States*, 1989 WL 110300 *3 (D. Kan. June 7, 1989)). The admission that inmates "have been assigned" to exchange laundry does not address the essence of the question, which is what the job duties are of such inmates; even if it is assumed that what plaintiff is really after is a concession that exchanging laundry for disabled inmates is one of the duties of IAWP inmates, the answer does not concede that. The motion to compel will be granted as to this question.

Interrogatory number seven to Celaya was: "Identify the staff member assigned to investigate plaintiff's allegation of staff misconduct against J. Caropreso on [J]anuary 31, 2008. ¶ A.) [P]roduce the findings of this investigation, including but not limited to "all the

7

evidence utilized to reach the findings[,]" i.e., any witness interviews, statements, also videotape footage of the incident etc . . . ." Decl. Fosselman, Ex. A-2 (Celaya) at 2. Celaya's answer was:

> Defendant objects to the request for production as inappropriate for an interrogatory. Defendant also objects to this request as unduly burdensome because the information is equally available to Plaintiff in his central file and was previously produced in Defendants' motion for summary judgment. Without waiving the foregoing objections, Sergeant P. Garcia did the interviews related to the investigation and the Chief Deputy Warden, G.A. Neotti was assigned to investigate Plaintiff's allegations.

*Id.*, Ex. C at 5.

Plaintiff contends that this answer is inadequate because the answers conflict with other documents, the information upon which the decision was based had never been produced, and that the report is not confidential. Mot. to Compel at 11-12. There is no claim of confidentiality in the objection and that the answer conflicts with other evidence is not grounds for dissatisfaction with it. On the other hand, as noted above, the "equally available" objection is without merit. The court notes that plaintiff also requested this information in a request for production, where plaintiff's complaint about failure to provide documents is more properly considered. The motion to compel will be denied as to this question.

### 3. Requests for Production

In request for production of documents number one, plaintiff asked defendants to produce:

> [The] [w]ritten report by investigator sergeant Mensing, concerning staff complaint initiated by Plaintiff on 1-31-08, regarding J. Caropreso's misconduct in relation to Plaintiff on the C-facility patio wher[e]in plaintiff alleged that he was assaulted while in restraints. [P]laintiff requests any and all documents, including but not limited to witness statements, interview reports, etc . . . any evidence relied upon by the administration to determine findings of fact.

*Id.*, Ex. A-3 at 1. Defendants objected to the request, saying:

> Defendants object to this request as argumentative, assuming facts not in evidence, and on the grounds that is oppressive and burdensome in that the information requested is equally available to Plaintiff. Additionally, the document production is unduly burdensome because the documents were previously produced as attachments to Defendants' motion for summary

8

judgment.  Based on the foregoing objections, no documents will be produced in response to this request.

*Id.*, Ex. D at 2.

Plaintiff contends that the objections are inadequate and that he "has reason to believe that the defendants did not produce all documents" relied upon in reaching the investigation decision.  Mot. to Compel at 13.  Given defendants' contention that the requested documents were supplied in support of their motion for summary judgment, and plaintiff's failure to specify anything that was not produced there, the motion to compel will be denied.

In request for production number two, plaintiff asked defendants to produce "[a]ny and all documentation concerning staff complaints, filed by any past or present prisoner or staff member, against J. Caropreso; J. Calaya; V. [S]olis; or C. Barroga, including but not limited to written reports; transcripts; internal affairs investigations; grand jury indictments etc. . . . ."  *Id.*, Ex. A-3 at 2 [misnumbered 1].   Defendants said in response:

> Defendants object to his request as overly broad as to time, and, as phrased, the request appears to seek information that is irrelevant or not reasonably calculated to lead tot the discovery of admissible evidence on any issue in this lawsuit.  Production would also be unduly burdensome because the burden in producing the documents would outweigh any relevance to this litigation.  Defendants further object to this request to the extent the documents requested may contain information regarding inmates or staff that is protected from disclosure by the official information privilege.  Disclosure of these documents may violate the privacy rights of the inmates and officers named in these reports, destroy the confidential nature of the proceedings that were documented . . . and jeopardize the safety and security of inmates, staff and the institution.  In addition, providing a privilege log would increase the undue burden imposed by this request.
> Based on the foregoing objections, no documents will be produced in response to this request.

*Id.,* Ex. D at 3.

Defendants invoke the "official information privilege."  The privilege is one of federal common law.  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages."  *Id.* at 1033-34.  The balancing test "is moderately pre-weighted in favor of disclosure."  *Kelly v. San Jose,* 114 F.R.D. 653,

661 (N.D. Cal.1987). The privilege "must be formally asserted and delineated in order to be raised properly," and the party opposing disclosure must "state with specificity the rationale of the claimed privilege." *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). *Kerr* requires that to allow the court to decide whether the official information privilege applies, defendants must provide with their objection a declaration or affidavit containing (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made. *Kelly*, 114 F.R.D. at 670. Defendants have not met these requirements, so the official information privilege provides no basis for their objections.

Defendants also contend that the request is overly broad, seeks information not properly discoverable, and that production would be unduly burdensome. The request goes to complaints of misconduct by only four prison employees, information that surely is maintained in a file, if not computerized, and the information might be impeachment material.

This case is at the summary judgment stage. Defendants have moved for summary judgment and plaintiff has asked the court to deny it under Rule 56(d). As discussed below, plaintiff's motion will be granted, the parties will be allowed additional time to complete discovery in light of the rulings here on the motion to compel, and a new deadline will be set for dispositive motions. The over-breadth and relevance objections by defendants to this request for production are without merit, and the present answer is not sufficient to establish privilege or that answering the request would be unduly burdensome, but the material requested is not relevant at this summary judgment stage of the case. The

10

motion will be denied as to this request because of privacy and security concerns, but it may be renewed if a new motion for summary judgment is denied and counsel is appointed.

In request for production number three, plaintiff asks defendants to "[d]escribe & provide the CDCR[/]SVSP policy & procedure/directive concerning use of force against prisoners." Decl. Fosselman, Ex. A-3 at 2 [misnumbered 1]. In response, defendants say:

> Defendants object to this request as overly broad. Defendants further object to this request to the extent the documents requested may contain information regarding inmates or staff that is protected from disclosure by the officer information privilege. Disclosure of these documents include Operation Procedure 14, which cannot be disclosed to Plaintiff because: . . . ."

Decl. Fosselman, Ex. D at 3. The portion quoted is followed by a detailed and sufficient explanation why OP 14 cannot be disclosed and is supported by a declaration by Celaya to the same effect. *See id.*; *id.*, Ex. E at 2-3. The motion will be denied as to OP 14.

It may be that the request is overbroad, but that objection without explanation of what materials it might reach and why they would not be discoverable is an insufficient objection. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *Oleson*, 175 F.R.D. at 565. The party resisting discovery must "'show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Josephs*, 677 F.2d at 992 (quoting *Roesberg v. Johns-Manville* Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)). Except as to OP 14, the motion will be granted as to this request.

In request for production four, plaintiff asked defendants to provide "[v]ideo footage of the incident that transpired on 1-31-08 on C-Facility patio between J. Caropreso and Plaintiff." Decl. Fosselman, Ex. A-3 at 2 [misnumbered 1]. Defendants responded that they did not have any. *Id.*, Ex. D at 4. Plaintiff contends that there are video cameras on the guard towers. Mot. to Compel at 17. Plaintiff has not used a more specific request for production or interrogatories to determine whether the particular tapes he seeks exist and, if not, what happened to them. The motion to compel will be denied as to this request.

///

11

In request for production number five, plaintiff sought "[w]ritten report[s], transcripts, & video tape footage of plaintiff's interview with Lieutenant C. [B]arroga, and Sgt. P. Garcia on 1-31-08 concerning act of physical force used by J. Caropreso, while plaintiff was in restraints." Decl. Fosselman, Ex. A-3 at 2 [misnumbered 1]. In response, defendants said:

> Defendants object to this request as argumentative, assuming facts not in evidence, and on the grounds that is oppressive and burdensome in that the information requested is equally available to Plaintiff. Additionally, the documents requested are also unduly burdensome because they were previously produced as attachments to Defendants' motion for summary judgment. Based on the foregoing objections, no document will be produced in response to this request but, Defendants will arrange a time and place for Plaintiff to view the videotaped interview regarding the January 31, 2008 [nothing follows]."

*Id.* at Ex. D at 4. The response is supported by the declaration of Celaya, who says that the Use of Force Policy would be responsive to the request and explains why it should not be produced. *Id.* Ex. E, at 3-4. The court does not perceive the request as asking for the Use of Force Policy, but to the extent it does, defendants need not produce it for the reasons discussed above. In his declaration Celaya also refers to the "Confidential Supplement" to the log of plaintiff's appeal as being an item that would be responsive to the request, which appears to be correct. *Id.* His grounds for maintaining the confidentiality of this item are convincing. The Use of Force Policy and the confidential supplement need not be produced, and defendants have agreed to provide the video tape. The motion to compel will be denied as to this request.

## II. Plaintiff's Motion for Appointment of Counsel

Plaintiff has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an

evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff argues that counsel should be appointed because of the defendants' assertion of the "official information privilege" as to some documents. Aside from the fact that defendants contend this information cannot be released even to counsel, the court has determined above that the purportedly confidential information is not necessary at this summary judgment stage of the case. The motion for counsel will be denied without prejudice to renewing it if a new motion for summary judgment is denied and the case goes to trial.

**III.   Summary Judgment**

Defendants have moved for summary judgment and plaintiff has requested that the motion be denied to allow him to complete discovery. Plaintiff's motion will be granted and summary judgment will be denied, with leave for defendants to renew it by reference if they wish. The court also will set new deadlines for completion of discovery and for dispositive motions.

**CONCLUSION**

1. Defendants' motion to stay discovery (document number 29 on the docket) is **DENIED**.

2. Plaintiff's motion to compel discovery (document number 27) is **GRANTED** as to his amended request for admission number one to Caropreso; his third request for admission to Caropreso, but only as to whether plaintiff was the only inmate treated as described in Caropreso's existing answer; his interrogatory number six to Celaya; and his request for production number three, with the exception of OP 14. It is **DENIED** in all other respects.

3. Plaintiff's motion for appointment of counsel (document 33) is **DENIED**.

4. Plaintiff's motion to deny the motion for summary judgment because discovery is not complete (document 26) is **GRANTED**. The motion for summary judgment (document

21) is **DENIED** with leave to renew it by reference if defendants desire to do so.  Plaintiff's motion for an extension of time to oppose the motion for summary judgment (document 31) is **DENIED** as moot.

     5.  Discovery shall be completed by May 31, 2011.  Defendants shall file a motion for summary judgment by June 30, 2011, or a statement that no such motion is justified.  If a motion for summary judgment is filed, plaintiff may file an opposition within thirty days of the date it is served on him, and defendants may file a reply within fourteen days of service of the opposition.

     **IT IS SO ORDERED.**

Dated:  March 18, 2011.

                              PHYLLIS J. HAMILTON
                              United States District Judge

P:\PRO-SE\PJH\CR.09\FOSSELMAN0055.DISCOVERY.wpd